IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IMPACT SOLUTIONS III, INC., | ) | CIVIL ACTION FILE |
| | ) | NO.: 1:08-CV-3141WCO |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FUNDING FOR GROWTH, INC., | ) | |
| and JULIUS DIZON, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS AND FOR PRELIMINARY HEARING PURSUANT TO F.R.C.P. 12(i) AND BRIEF IN SUPPORT THEREOF

COMES NOW Defendant Funding for Growth, Inc., and Defendant Julius Dizon and hereby files their Motion to Dismiss for insufficient service of process as follows, to wit:

I.      FACTS

Defendant Funding for Growth, Inc., is a North Carolina corporation with its principal place of business in North Carolina. (Complaint, ¶2; and Affidavit of Julius Dizon, ¶2, attached hereto as Exhibit A). Defendant Dizon is a citizen of

North Carolina. (Complaint, ¶3).

On October 10, 2008, someone on behalf of Plaintiff left a Summons and a copy of Plaintiff's Complaint with Zach Perlow, a bookkeeper who is employed by Funding for Growth, Inc.  (Affidavit of Zach  Perlow, ¶¶ 2-3,attached hereto as Exhibit B; and Dizon Affidavit, ¶¶ 3 and 5). Service was attempted on Perlow at the North Carolina office of Funding for Growth, Inc., which is located at 3300 Battleground Avenue, Suite 410, Greensboro, North Carolina 27410. (Perlow Affidavit, ¶3; and Complaint, ¶2).

Perlow is not the registered agent of Funding for Growth, Inc. (Perlow Affidavit, ¶2; and Dizon Affidavit, ¶4). Perlow is not an officer of Funding for Growth, Inc. (Perlow Affidavit, ¶2; and Dizon Affidavit, ¶4). Perlow has no managerial responsibilities for Funding for Growth. (Perlow Affidavit, ¶2; and Dizon Affidavit, ¶4). Perlow is not authorized to accept service on behalf of Funding for Growth. (Perlow Affidavit, ¶2; and Dizon Affidavit, ¶4).

Defendant Dizon was never personally served with process. (Dizon Affidavit, ¶5). Perlow was not authorized to accept process on behalf of Defendant Dizon.(Perlow Affidavit, ¶2; and Dizon Affidavit, ¶4).

## II. ARGUMENT & CITATION OF AUTHORITY

Defendants clearly stated their defense for insufficient service of process in Paragraphs 1 and 2 of the General Defenses in their Answer filed on October 30, 2008, in which they stated that Plaintiff's process server left process with Zach Perlow, a bookkeeper employed by Funding for Growth, Inc. Plaintiff's Complaint should be dismissed for lack of service of process on either Defendant Funding for Growth, Inc., or Defendant Dizon. On October 10, 2008, Plaintiff attempted to serve both Defendants by leaving process with Zach  Perlow at the North Carolina office of the corporate Defendant.  There was no service on the corporate defendant because Perlow was not the registered agent of process of the company, was not an officer, had no managerial responsibilities and was not authorized to accept process on behalf of the corporate defendant. Plaintiff has not complied with the requirements of Rule 4(h) of the Federal Rules of Civil Procedure.

There was no service upon Defendant Dizon either. According to Rule 4(e) of the Federal Rules of Civil Procedure, Dizon had to be personally served or process could be served at Defendant Dizon's residence upon some person of suitable age and discretion who resided with Defendant Dizon. Service upon

Perlow did not effectuate service on Dizon. Defendants' actual notice of suit is not

sufficient to cure defectively executed service. <u>Schnabel v. Wells</u>, 922 F.2d 726,

728 (11th Cir. 1991).

Rule 12(i) of the Federal Rules of Civil Procedure permits any party to

move for a hearing for any defense listed in Rule 12(b). Insufficient service of

process is such a defense. Defendants' motion to dismiss must be heard before

trial unless Plaintiff corrects the problem and properly serves Defendants.[1]

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint

be dismissed for insufficiency of service of process.

Respectfully submitted, this ___22th___ day of ___Decemb___ 2008.

_____
Melanie Webre
Georgia State Bar No.: 744961
Attorney for Defendants

_____

[1]      Plaintiff has known of its failure to serve Defendants since October
30, 2008. The issue was discussed at the mandatory scheduling conference
between counsel on November 10, 2008, and reiterated by Defendants in their
Initial Disclosures filed on November 25, 2008. Plaintiff has had ample time to
correct the service deficiency. Its failure to do so has left Defendants with little
alternative but to file the instant motion.

THE ROBERTS LAW FIRM, P.C.
462 East Paces Ferry Road, N.E.
Atlanta, Georgia 30305
(404) 841-0661

## *CERTIFICATE OF SERVICE*

This is to certify that I have this date served upon opposing counsel a true and correct copy of the within and foregoing Defendants' Motion to Dismiss and for Preliminary Hearing by depositing same with the United States Postal Service in an envelope bearing adequate first class postage affixed thereon and addressed as follows:

Joseph Sharp, Esq.
Matthew Knoop, Esq.
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E.
Suite 500
Atlanta, Georgia 30309-3232

This ___ day of ___, 2008

Respectfully submitted,

Melanie Webre
Georgia State Bar No.: 744961
Attorney for Defendants

THE ROBERTS LAW FIRM, P.C.
462 East Paces Ferry Road, N.E.
Atlanta, Georgia 30305
(404) 841-0661